*E-FILED - 7/26/13*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMELL JUA WOOD,<br><br>Petitioner,<br><br>vs.<br><br>JOHN N. KATAVICH,<br><br>Respondent. | ) | No. C 12-3981 RMW (PR)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY<br><br>(Docket No. 13) |

Petitioner, a state prisoner proceeding pro se, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted. Respondent has filed a motion to dismiss for failure to exhaust. Petitioner has filed an opposition, and respondent has filed a reply. For the reasons below, the court GRANTS respondent's motion to dismiss.

**BACKGROUND**

Petitioner challenges his 2008 criminal conviction and sentence in the Santa Clara County Superior Court. He filed a direct appeal to the California Court of Appeal, which affirmed the conviction and judgment. Petitioner filed a subsequent petition for review in the California Supreme Court, which denied the petition. In that petition, petitioner did not raise any of the claims petitioner raises in the underlying federal petition. (Resp. Ex. B.) Thereafter,

petitioner filed unsuccessful state habeas petitions in all three levels of the California state courts. In petitioner's first state habeas petition in the California Supreme Court, petitioner alleged that: (1) trial counsel was ineffective for: (a) failing to conduct a reasonable pre-trial investigation, and thus, failing to adequately present a complete defense, and (b) failing to investigate or present expert testimony to testify about the effects of long-term methamphetamine use and DNA analysis of physical analysis; and (2) the cumulative effect of the above referenced errors were prejudicial. (Resp. Ex. F at 19-23.)[1] Petitioner also alleged that appellate counsel was ineffective for failing to raise the above stated claims. (Id. at 24-25.) The California Supreme Court denied the petition without comment, but cited to People v. Duvall, 9 Cal. 4th 464, 474 (1995), and In re Swain, 34 Cal.2d 300, 304 (1993). (Resp. Ex. G.)

The instant federal petition was filed on July 27, 2012. In the petition, petitioner raises a myriad of claims regarding ineffective assistance of trial counsel,[2] as well as a claim of ineffective assistance of appellate counsel for failing to raise the ineffectiveness of trial counsel.

A few days later, petitioner filed another state habeas petition in the California Supreme Court, which is identical to the underlying federal petition. (Resp. Ex. H.) It was denied without comment, but with citations to In re Clark, 5 Cal. 4th 750, 767-769 (1993), People v. Duvall, 9 Cal. 4th 464, 474 (1995), and In re Swain, 34 Cal.2d 300, 304 (1993). (Resp. Ex. I.)

**DISCUSSION**

Respondent argues that the California Supreme Court's citations indicate that petitioner did not file his state habeas petitions with particularity, and thus, they are not exhausted. In response, petitioner argues that because his federal petition and last California Supreme Court petition are identical, he has "fairly presented" his claims. Petitioner also argues that he is innocent, and could not hire the necessary experts to prove his innocence. Finally, petitioner disputes that the California Supreme Court's citations included any "correctable defects."

---

1 The court refers to the pagination as noted by CM/ECF.

2 In its order to show cause, the court inadvertently limited petitioner's claims regarding ineffective assistance of trial counsel.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "the initial 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted). The exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state courts. See id.; Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). A federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. See Rhines v. Weber, 544 U.S. 269, 273 (2005).

Denial of a habeas petition with citation to Clark indicates that the petitioner has filed an impermissible repetitious or piecemeal presentation of his claims in a successive petition. Clark, 5 Cal.4th at 767-69. The California Supreme Court made clear in Clark that if a petitioner explains adequately why he delayed in filing his petition and/or why he is raising claims in a successive petition, the claims could be considered on the merits. Id. at 774-75. Thus, a petition that is denied with citation to Clark may be revised and re-filed to address these issues.

If a petition is dismissed for failure to state the facts with particularity – that is, with a cite to Duvall or Swain – the petitioner may file a new petition curing the defect. Gaston v. Palmer, 417 F.3d 1030, 1037 (9th Cir. 2005); see Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986); see, e.g., Pombrio v. Hense, 631 F.Supp.2d 1247, 1251-52 (C.D. Cal. 2009). These are not irremediable errors. The court concludes, therefore, that the California Supreme Court would allow petitioner to file a new state petition remedying the defects of the old one. That is, although this particular state petition was procedurally defective, there is no indication that petitioner cannot bring the underlying claims in a new petition.

However, the Ninth Circuit has indicated that if a petitioner maintains that the state procedural denial based on Swain was erroneous because he did allege his claims with

particularity and that the claims are incapable of being alleged with any greater particularity, a federal court cannot per se find the claims unexhausted, and must instead independently examine the petition presented to the state court to determine whether the claims were fairly presented. See Kim, 799 F.2d at 1319-20. Here, however, petitioner does not contend that the procedural denial was erroneous, that he did allege his claims with particularity, or that the claims cannot be alleged with any greater particularity. Indeed, he argues that the California Supreme Court did not cite any curable defects in its summary denial, and that because his California Supreme Court petition is identical to the federal petition, that satisfies exhaustion. Consequently, the court concludes that, because the California Supreme Court has not considered petitioner's claims on the merits, they are not exhausted. A petition containing solely unexhausted claims is subject to immediate dismissal. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, . . . it may simply dismiss the habeas petition for failure to exhaust); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (district court obligated to dismiss petition containing no exhausted claims). The instant petition is completely unexhausted and must be dismissed without prejudice.[3]

---

[3] Petitioner does not argue that his first state petition to the California Supreme Court exhausts his federal claims. Even if he made such an argument, the court would disagree. Petitioner's first petition to the California Supreme Court was denied with a citation to Duvall and Swain. (Resp. Ex. G.) Both Duvall and Swain stand for the rule that a California habeas petition must state with "particularity the facts on which relief is sought," although Duvall also stands for the proposition that documentary evidence must be provided. Duvall, 9 Cal. 4th at 474. Nonetheless, a comparison of petitioner's state petition (Resp. Ex. G) and his underlying federal petition demonstrates that petitioner did not raise the same claims in the state's highest court in this state petition. Specifically, petitioner's state petition claims that counsel attempted to present a third-party culpability defense, and petitioner alleges that counsel should have conducted an adequate investigation or put on evidence to support such a defense. The state petition also argues that counsel should have called an expert to testify about the effects of long term methamphetamine use on memory loss, and an expert to rebut the prosecution's expert's analysis regarding mixtures of contact DNA. In his federal petition, however, although petitioner raised many subclaims of ineffective assistance of counsel, most them challenged counsel's failure to interview certain individuals, some of whom potentially could have supported an alibi defense theory. (Pet. at 11-15.) Thus, petitioner's claim regarding a failure to investigate regarding a third-party culpability defense was not presented in his underlying federal petition. Petitioner's claim that counsel should have hired an expert to testify about drug use was also not presented in his federal petition. While petitioner's state claim that counsel

**CONCLUSION**

For the foregoing reasons, respondent's motion to dismiss is GRANTED. The petition is DISMISSED without prejudice. The clerk shall terminate all pending motions and close the file.

For the reasons set out in the discussion above, petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED: 7/25/13

Ronald M. Whyte
RONALD M. WHYTE
United States District Judge

---

should have hired an expert to rebut the prosecution's expert regarding the DNA mixtures was presented in the underlying federal petition (Pet. at 17), it was a conclusory allegation that the state court properly dismissed for lack of particularity. See Kim, 799 F.2d at 1319-20.

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAMELL JUA WOOD,

Plaintiff,

v.

JOHN N. KATAVICH et al,

Defendant.
_______________________________/

Case Number: CV12-03981 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 26, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jamell Jua Wood G43599
A3-146L
W.S.P.
Post Office Box 4400
Wasco, CA 93280-4400

Dated: July 26, 2013

Richard W. Wieking, Clerk
By: Jackie Lynn Garcia, Deputy Clerk