1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  JAMELL JUA WOOD,                    )      No. C 12-3981 RMW (PR)
                                        )
12              Petitioner,             )      ORDER DENYING PETITIONER'S
                                        )      MOTION FOR RECONSIDERATION
13     vs.                              )
                                        )
14                                      )
    JOHN N. KATAVICH,                   )      (Docket No. 22)
15                                      )
                Respondent.             )
16  _____ )

17

18      Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus

19  pursuant to 28 U.S.C. § 2254.  On July 26, 2013, the court granted respondent's motion to

20  dismiss the petition as unexhausted, and entered judgment.  On May 27, 2014, petitioner filed

21  the underlying motion for reconsideration.  In his motion, petitioner moves for reconsideration

22  under Federal Rule of Civil Procedure 60(b)(1) and 60(b)(6).  For the reasons stated below,

23  petitioner's motion is DENIED.

24      In the order granting respondent's motion to dismiss, the court noted that although

25  petitioner had filed two state habeas petitions to the California Supreme Court, the first one was

26  denied without comment, but cited to People v. Duvall, 9 Cal. 4th 464, 474 (1995), and In re

27  Swain, 34 Cal.2d 300, 304 (1993).  Regardless, that petition did not exhaust the claims in

28  petitioner's federal petition because that petition did not raise the same claims.  Petitioner's

1    second petition to the California Supreme Court, however, did raise the same claims, but was

2    denied with citations to In re Clark, 5 Cal. 4th 750, 767-769 (1993), People v. Duvall, 9 Cal. 4th

3    464, 474 (1995), and In re Swain, 34 Cal.2d 300, 304 (1993).  The court found, therefore, that

4    the state court denied petitioner's petition for failure to allege the facts with enough specificity,

5    petitioner did not indicate that he did allege his claims with particularity, and thus, the claims

6    were wholly unexhausted and the action was dismissed.

7         In his motion, petitioner alleges that a fellow inmate named Myron prepared one of

8    petitioner's state habeas petitions, as well as petitioner's federal habeas petition, and the

9    opposition to respondent's motion to dismiss.  (Mot. at 4.)  Petitioner claims that he recently

10   learned that Myron may not have known what he was doing, and thus, petitioner requests

11   reconsideration based on excusable neglect.  Specifically, petitioner argues that Myron need only

12   have written that the state petition was alleged with sufficient specificity, which would have

13   triggered the court's analysis to determine whether the claims were fairly presented to state

14   court.  The court notes, however, that even in this motion for reconsideration, petitioner still does

15   not allege that the state petition could not have been alleged with any greater particularity.

16        Federal Rule of Civil Procedure 60(b) provides for reconsideration where one or more of

17   the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly

18   discovered evidence which by due diligence could not have been discovered in time to move for

19   a new trial; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been

20   satisfied; (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS

21   Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

22        Rule 60(b)(1) provides a mechanism for parties to seek relief from a judgment when "it is

23   no longer equitable that the judgment should have prospective application," or when there is any

24   other reason justifying relief from judgment.  Jeff D. v. Kempthorne, 365 F.3d 844, 853-54 (9th

25   Cir. 2004) (quoting Fed. R. Civ. P. 60(b)).  However, case law is clear that reconsideration is not

26   permitted under Rule 60(b)(1) and "[a] party will not be released from a poor litigation decision

27   made because of inaccurate information or advice even if provided by an attorney."  See

28   Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1101 (9th Cir. 2006).  As a general rule,

1  parties are bound by the actions of their lawyers; even attorney malpractice does not usually

2  provide a basis to set aside a judgment pursuant to Rule 60(b)(1).  See Casey v. Alberston's, Inc.,

3  362 F.3d 1254, 1260 (9th Cir. 2004); Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn, 139

4  F.3d 664, 666 (9th Cir. 1997) (holding that neither ignorance nor carelessness on the part of the

5  litigant or his attorney provides grounds for relief under Rule 60(b)(1) or 60(b)(6)).  Thus,

6  petitioner is not entitled to reconsideration under Rule 60(b)(1).

7       Federal Rule of Civil Procedure 60(b)(6) affords courts the discretion and power "to

8  vacate judgments whenever such action is appropriate to accomplish justice."  Phelps v.

9  Alameida, 569 F.3d 1120, 1135 (9th Cir. 2009).  In applying Rule 60(b)(6) to petitions for

10 habeas corpus, the Ninth Circuit has considered the following factors to guide its exercise of its

11 Rule 60(b)(6) discretion:  (1) a showing of extraordinary circumstances, such as a change in

12 intervening law; (2) the petitioner's exercise of diligence in pursuing the issue during federal

13 habeas proceedings; (3) interest in finality; (4) delay between the finality of the judgment and the

14 motion for Rule 60(b)(6) relief; (5) degree of connection between the extraordinary circumstance

15 and the decision for which reconsideration is sought; and (6) comity.  See Phelps, 569 F.3d at

16 1135.  Petitioner has not shown extraordinary circumstances warranting reconsideration.  The

17 motion for reconsideration is DENIED.  No further filings shall be accepted in this closed case.

18      This order terminates docket number 32.

19      IT IS SO ORDERED.

20 DATED: _____

21                                    RONALD M. WHYTE
                                      United States District Judge

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


JAMELL JUA WOOD,

               Plaintiff,

  v.

JOHN N. KATAVICH et al,

               Defendant.

_____/

Case Number: CV12-03981 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 12, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Jamell Jua Wood G43599
A3-146L
W.S.P.
Post Office Box 4400
Wasco, CA 93280-4400

Dated: November 12, 2014

               Richard W. Wieking, Clerk
               By: Jackie Lynn Garcia, Deputy Clerk