**E-FILED on 11/12/14**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMELL JUA WOOD, | ) | No. C 12-3981 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR RECONSIDERATION |
| vs. | ) | |
| | ) | |
| JOHN N. KATAVICH, | ) | (Docket No. 22) |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On July 26, 2013, the court granted respondent's motion to dismiss the petition as unexhausted, and entered judgment.  On May 27, 2014, petitioner filed the underlying motion for reconsideration.  In his motion, petitioner moves for reconsideration under Federal Rule of Civil Procedure 60(b)(1) and 60(b)(6).  For the reasons stated below, petitioner's motion is DENIED.

In the order granting respondent's motion to dismiss, the court noted that although petitioner had filed two state habeas petitions to the California Supreme Court, the first one was denied without comment, but cited to People v. Duvall, 9 Cal. 4th 464, 474 (1995), and In re Swain, 34 Cal.2d 300, 304 (1993).  Regardless, that petition did not exhaust the claims in petitioner's federal petition because that petition did not raise the same claims.  Petitioner's

Order Denying Motion for Reconsideration
P:\PRO-SE\RMW\HC.10\Wood981rec.wpd

|   |   |
|---|---|
| 1 | second petition to the California Supreme Court, however, did raise the same claims, but was |
| 2 | denied with citations to <u>In re Clark</u>, 5 Cal. 4th 750, 767-769 (1993), <u>People v. Duvall</u>, 9 Cal. 4th |
| 3 | 464, 474 (1995), and <u>In re Swain</u>, 34 Cal.2d 300, 304 (1993).  The court found, therefore, that |
| 4 | the state court denied petitioner's petition for failure to allege the facts with enough specificity, |
| 5 | petitioner did not indicate that he did allege his claims with particularity, and thus, the claims |
| 6 | were wholly unexhausted and the action was dismissed. |
| 7 | In his motion, petitioner alleges that a fellow inmate named Myron prepared one of |
| 8 | petitioner's state habeas petitions, as well as petitioner's federal habeas petition, and the |
| 9 | opposition to respondent's motion to dismiss.  (Mot. at 4.)  Petitioner claims that he recently |
| 10 | learned that Myron may not have known what he was doing, and thus, petitioner requests |
| 11 | reconsideration based on excusable neglect.  Specifically, petitioner argues that Myron need only |
| 12 | have written that the state petition was alleged with sufficient specificity, which would have |
| 13 | triggered the court's analysis to determine whether the claims were fairly presented to state |
| 14 | court.  The court notes, however, that even in this motion for reconsideration, petitioner still does |
| 15 | not allege that the state petition could not have been alleged with any greater particularity. |
| 16 | Federal Rule of Civil Procedure 60(b) provides for reconsideration where one or more of |
| 17 | the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly |
| 18 | discovered evidence which by due diligence could not have been discovered in time to move for |
| 19 | a new trial; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been |
| 20 | satisfied; (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b); <u>School Dist. 1J v. ACandS</u> |
| 21 | <u>Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993). |
| 22 | Rule 60(b)(1) provides a mechanism for parties to seek relief from a judgment when "it is |
| 23 | no longer equitable that the judgment should have prospective application," or when there is any |
| 24 | other reason justifying relief from judgment.  <u>Jeff D. v. Kempthorne</u>, 365 F.3d 844, 853-54 (9th |
| 25 | Cir. 2004) (quoting Fed. R. Civ. P. 60(b)).  However, case law is clear that reconsideration is not |
| 26 | permitted under Rule 60(b)(1) and "[a] party will not be released from a poor litigation decision |
| 27 | made because of inaccurate information or advice even if provided by an attorney."  <u>See</u> |
| 28 | <u>Latshaw v. Trainer Wortham & Co.</u>, 452 F.3d 1097, 1101 (9th Cir. 2006).  As a general rule, |

Order Denying Motion for Reconsideration
P:\PRO-SE\RMW\HC.10\Wood981rec.wpd         2

parties are bound by the actions of their lawyers; even attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1).  See Casey v. Alberston's, Inc., 362 F.3d 1254, 1260 (9th Cir. 2004); Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn, 139 F.3d 664, 666 (9th Cir. 1997) (holding that neither ignorance nor carelessness on the part of the litigant or his attorney provides grounds for relief under Rule 60(b)(1) or 60(b)(6)).  Thus, petitioner is not entitled to reconsideration under Rule 60(b)(1).

Federal Rule of Civil Procedure 60(b)(6) affords courts the discretion and power "to vacate judgments whenever such action is appropriate to accomplish justice." Phelps v. Alameida, 569 F.3d 1120, 1135 (9th Cir. 2009).  In applying Rule 60(b)(6) to petitions for habeas corpus, the Ninth Circuit has considered the following factors to guide its exercise of its Rule 60(b)(6) discretion:  (1) a showing of extraordinary circumstances, such as a change in intervening law; (2) the petitioner's exercise of diligence in pursuing the issue during federal habeas proceedings; (3) interest in finality; (4) delay between the finality of the judgment and the motion for Rule 60(b)(6) relief; (5) degree of connection between the extraordinary circumstance and the decision for which reconsideration is sought; and (6) comity.  See Phelps, 569 F.3d at 1135.  Petitioner has not shown extraordinary circumstances warranting reconsideration.  The motion for reconsideration is DENIED.  No further filings shall be accepted in this closed case.

This order terminates docket number 32.

IT IS SO ORDERED.

DATED: _____

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Denying Motion for Reconsideration
P:\PRO-SE\RMW\HC.10\Wood981rec.wpd          3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAMELL JUA WOOD,

        Plaintiff,

  v.

JOHN N. KATAVICH et al,

        Defendant.

Case Number: CV12-03981 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 12, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jamell Jua Wood G43599
A3-146L
W.S.P.
Post Office Box 4400
Wasco, CA 93280-4400

Dated: November 12, 2014

                                        Richard W. Wieking, Clerk
                                        By: Jackie Lynn Garcia, Deputy Clerk